FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2024 JUN 28 P 12: 36

CHARLES C. JOHNSON,

    Plaintiff,

vs.

HAL LAMBERT,

POINT BRIDGE CAPITAL,

    Defendants

Civil No.: 1:24CV1124-MSN-IDD

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff Charles C. Johnson, complaining of the acts of Defendants Hal Lambert and Point Bridge Capital, alleges and states the following:

### PARTIES

1. Charles C. Johnson is a citizen of Reston, Virginia domiciled in Fairfax County, Virginia.

2. Hal Lambert is a citizen of Fort Worth, Tarrant County, Texas.

3. Point Bridge Capital was incorporated, and is existing, under the laws of the state of Delaware. Point Bridge Capital's principal place of business is in the state of Texas.

### JURISDICTION AND VENUE

4. Subject matter jurisdiction over this matter is conferred upon and vested in this Court under 28 U.S.C. § 1332.

5. This Court has personal jurisdiction over Defendants.

6. Venue is proper in the Eastern District of Virginia, Alexandria Division under 28 U.S.C. § 127.

7. This action has been brought within all applicable statute of limitations and/or repose.

## FACTUAL ALLEGATIONS

8. Charles C. Johnson (hereinafter "Johnson") is an experienced and successful venture capitalist and Federal operative that has worked with investors on projects involving technology and national security since 2014. From his home and office in Reston, Virginia, Johnson consults to U.S. Federal Government agencies located, *inter alia*, in Alexandria, Arlington, Chantilly, Manassas, and McLean, Virginia.

9. On or about April 2, 2016, Johnson met Hal Lambert, CEO of Point Bridge Capital (hereinafter "Defendants"), a Texas-based company that provides investments to U.S. Federal Government agencies located *inter alia*, in Alexandria, Arlington, Chantilly, Manassas, and McLean, Virginia.

10. Between 2016 and 2023, Lambert made numerous trips to Virginia to conduct the investment business of Point Bridge Capital, including trips to support his investments in technologies sold to U.S. Federal Government agencies located in Northern Virginia.

11. On or about November 23, 2020, Plaintiff began working with Lambert and Point Bridge Capital (hereinafter "Defendants") to launch Umbra Labs, Inc., a technology company that provides satellite-based remote sensing services and equipment to private entities and U.S. Federal Government agencies. Johnson entered an oral contract with Defendants, the terms of this contract were such that they would create a Special Purpose Vehicle ("SPV") into which they

would raise at least $10 million to invest in Umbra Labs. Defendants' plan was to leverage Johnson's reputation in the U.S. Intelligence Community and his expertise in high technology to complement their financial expertise. Further, Johnson's participation in the Umbra deal allowed Defendants to avoid the entanglements of Silicon Valley investors who would be unable to pass security reviews by the United States Department of Defense and/or other Federal agencies in order to obtain lucrative contacts. In consideration for his efforts, the oral contract was that Johnson receive fifty (50) percent of the "carry," or half the profits from the SPV.

12. After reaching the entering into the oral contract, Johnson performed as agreed. He introduced Defendants to his network of investors. Johnson facilitated meetings between said investors and Defendants, including in-person meetings with Lambert and Johnson, investors, and potential customers in locations such as Reston, Chantilly, and McLean, Virginia.

13. While Defendants were based in Texas, Johnson continued his efforts from his home and offices in Reston, Virginia to assure the growth and success of Umbra Labs.

**Defendant Lambert Promised Investors That Johnson Was Key to the Success of Umbra**

14. Defendants represented to Johnson's network of investors that investments in Umbra Lab were dependent on personnel working with the company who had significant contacts with the United States Intelligence Community, Department of Defense, and/or other Federal agencies.

15. Defendants represented to Johnson's network of investors that their investment was subject to a "key man clause" in which Johnson's participation in Umbra reduced risk and improved the likelihood of successful return on their investment. Johnson kept in touch with these investors throughout his performance of the contract.

**Defendant Lambert Raised Significant Funds from Mr. Johnson's Investor Network**

13. By on or about December 1, 2020, Defendants raised an initial $6.5 million to invest in Umbra Lab from Johnson's network of investors.

14. On or about November 28, 2021, Johnson raised an additional $4.5 million for Defendants to invest in Umbra Lab from Johnson's network of investors. Having raised a total of $11 million for the SPV, Johnson had performed his part of the oral contract.

**Defendants Then Removed Johnson from Company Operations**

15. On or about June 1, 2022, Defendants, without noticing the investors, then barred Johnson from working with Umbra Lab. Johnson was removed from intra-company communications.

16. Johnson's association with Umbra Lab was limited to his participation as an investor, whereby he had invested $200,000 of his own money in the company through the SPV.

17. By on or about December 31, 2023, Defendants went on to raise approximately $30 million from Johnson's network of investors without noticing them that Johnson and his Federal contacts would no longer be part of their investments.

**Defendants Lambert and Point Bridge Capital Have Reaped Substantial Income**

18. Defendants have reaped millions of dollars from the Johnson's performance under the oral contract. Defendants Lambert earn substantial sums from the management fees of the special purpose vehicle which Johnson helped to fund.

**Company Performance Has Worsened Because of Defendants' Breach of Contract**

19. Without Johnson's participation, Umbra Labs has been unable to capitalize on opportunities in the market for Federal Government contracts because the company lacks Johnson's contacts and expertise.

**Johnson Has Lost Income, Opportunities, and Reputation**

20. Johnson has suffered public embarrassment because of Defendants' actions. Johnson's credibility has been damaged with his investment network because of the fraudulent conduct of Defendants. As a result, Johnson has lost opportunities for other lucrative contracts because of his connection to Defendants' conduct.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract and Fraudulent Misrepresentation)**

21. Plaintiff re-alleges and incorporates the prior paragraphs of this Complaint as if fully set forth herein.

22. Defendants entered into an express oral contract with Johnson whereby access to his network of investors was predicated on his participation in the company's operations. Defendants represented to investors that Johnson was a key man in the company's operations. Investors' expectations of risk was based on this understanding.

26. Defendants breached the contract with oral and/or implied contract with Johnson and investors by barring Johnson from working with Umbra Lab.

27. As a direct and proximate result of the breach by Defendants, Johnson was harmed in an amount exceeding $75,000.

### SECOND CLAIM FOR RELIEF
**(Unjust Enrichment)**

28. Plaintiff re-alleges and incorporates the prior paragraphs of this Complaint as if fully set forth herein.

29. Johnson has performed work for Defendants in the form of attracting investors, promoting their respective companies, and facilitating government contracts.

30. As a direct and proximate result of the unjust enrichment by Defendants, Johnson was harmed in an amount exceeding $75,000.

## **PRAYER FOR RELIEF**

Wherefore Plaintiff, Charles C. Johnson, prays the Court for the following relief:

1. Plaintiff have and recover from Defendants for the breach of contract compensatory damages of $1,500,000 plus interest from the date of the breach, plus interest paid on the judgment until paid in full at the legal rate as allowed;

2. In the alternative, that Plaintiff have and recover from Defendants for the unjust enrichment in an amount to be determined at trial, plus interest paid on the judgment until paid in full at the legal rate as allowed;

3. That the cost of this action be taxed to Defendants; and

4. That the Court award Plaintiff such other and further relief as this Court may deem just and proper in the premises.

June 24, 2024                                    Respectfully submitted,

/s/ Charles C. Johnson
*Pro Se*
1624 Fieldthorn Drive Reston VA 20194
(617) 429-4718
Charles@traitwell.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_Alexandria_ DIVISION

FILED

Charles C. Johnson
Plaintiff(s),

2024 JUN 28 P 12: 36

v.

Civil Action Number: 1:24 CV 1124

Hal A. Lambert, Point Bridge Capital
Defendant(s),

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of ___this lawsuit___.
(Title of Document)

Charles Johnson
Name of Pro Se Party (Print or Type)

_[signature]_
Signature of Pro Se Party

Executed on: __06/28/2024__ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _____ (Date)