UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| CHARLES C. JOHNSON<br>            *Plaintiff,*<br><br>     v.<br><br>HAL LAMBERT and POINT BRIDGE CAPITAL,<br>            *Defendants.* | No. 1:24-cv-1124-MSN-IDD |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Unopposed Motion to Dismiss Plaintiff's Complaint (ECF 5). This is the second time this case has been brought before this Court. In the first case, Plaintiff Charles C. Johnson filed a *pro se* complaint against Defendants Hal Lambert and Point Bridge Capital alleging breach of contract and fraudulent misrepresentation (Count I) and unjust enrichment (Count II) relating to the "launch" of Umbra Lab Inc. ("Umbra Lab"). *Johnson v. Lambert, et al.*, Case No. 1:23-cv-01485-MSN-WEF (the "2023 Case"). This Court granted Defendants' Motion to Dismiss for lack of personal jurisdiction over the non-resident Defendants. *See* 2023 Case, Dkt. 8 (Order, E.D. Va. April 2, 2024) ("2023 Order"). The present Complaint (ECF 1) contains the same core allegations against the same Defendants. Plaintiff alleges new facts which purport to bolster his personal jurisdiction argument, but these additional facts are materially similar to those already rejected by this Court. Plaintiff does not get a second bite at the apple. Because Plaintiff is collaterally estopped from re-litigating the issue of personal jurisdiction in this Court, this Court once again grants Defendants' Motion to Dismiss.

I.     **BACKGROUND**

A.     **The 2023 Case**

In October 2023, Plaintiff filed a complaint *pro se* against Defendants Hal Lambert and Point Bridge Capital. *See* 2023 Case, ECF 1 (the "2023 Compl."). Plaintiff alleged that he worked with Defendants to launch Umbra Lab, and then used his network of investors to help Defendants raise funds for the project. *See* 2023 Compl. at ¶¶ 8-10. Plaintiff claims that Defendants subsequently barred him from working with Umbra Lab, prompting his suit for breach of contract and fraudulent misrepresentation (Count I) and unjust enrichment (Count II). *Id.* at ¶¶ 24-30. Defendants moved to dismiss Plaintiff's complaint on the grounds that "Defendants, who both are Texas residents and citizens, have no contacts with the Commonwealth of Virginia that would allow this court to exercise personal jurisdiction over them and, further, all of the alleged acts giving rise to the Plaintiff's claims took place in Texas." 2023 Case, ECF 3 at 2.

This Court agreed with Defendants and dismissed the case for lack of personal jurisdiction. *See* 2023 Order at 2. The Court undertook the required two-step personal jurisdiction analysis. *Id.* at 3. First, the Court found that Virginia's long-arm statute does not reach Defendants' alleged conduct because Plaintiff's "complaint fails to identify any … act or omission on the part of either Defendant that took place in Virginia." *Id.* Second, the Court analyzed the constitutional due process requirement of personal jurisdiction and found that Plaintiff failed to establish that "defendant[s]' conduct connects [them] to the forum in a meaningful way." *Id.* at 5 (quoting *McNeil v. Biaggi Prods., LLC*, 2017 WL 2625069, at *7 (E.D. Va. June 16, 2017)). The Court found that Plaintiff could "not be the only link between the defendant[s] and the forum. Rather it is the defendant[s]' conduct that must form the necessary connection with the forum State that is

the basis for its jurisdiction over [them]." *Id.* at 6 (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). Accordingly, this Court dismissed the action without prejudice. *Id.*

B.      **The 2024 Case**

Curiously, Plaintiff declined to seek leave to amend to the complaint in the same matter,[1] and instead filed a new complaint in June 2024, alleging the same material facts and claims. *Johnson v. Lambert, et al.*, Case No. 1:23-cv-01124-MSN-IDD, ECF 1 (the "2024 Compl."). Plaintiff alleged several new facts about activities that purportedly took place in Virginia in an effort to establish personal jurisdiction. For example, Plaintiff asserted:

- Johnson "from his home and office in Reston, Virginia . . . consults to U.S. Federal Government agencies located, *inter alia*, in Alexandria, Arlington, Chantilly, Manassas, and McLean, Virginia." 2024 Compl. at ¶ 8.

- Point Bridge Capital is "a Texas-based company that provides investments to U.S. Federal Government agencies located *inter alia*, in Alexandria, Arlington, Chantilly, Manassas, and McLean, Virginia." 2024 Compl. at ¶ 9.

- "Between 2016 and 2023, Lambert [CEO of Point Bridge] made numerous trips to Virginia to conduct the investment business of Point Bridge Capital, including trips to support his investments in technologies sold to U.S. Federal Government agencies located in Northern Virginia." 2024 Compl. at ¶ 10.

- "Johnson facilitated meetings between said investors and Defendants, including in-person meetings with Lambert and Johnson, investors, and potential customers in locations such as Reston, Chantilly, and McLean, Virginia." 2024 Compl. at ¶ 12.

- "While Defendants were based in Texas, Johnson continued his efforts from his home and offices in Reston, Virginia to assure the growth and success of Umbra Labs." 2024 Compl. at ¶ 13.

But, as explained below, these facts are materially similar to those which this Court already rejected. Thus, once again, Defendants moved to dismiss the 2024 Complaint on July 30, 2024. *See* 2024 Case, ECF 5 ("MTD"). Plaintiff's opposition was due August 20, 2024, but no such

---

[1] This Court dismissed the 2023 Case without prejudice. *See* 2023 Order at 6.

opposition was filed. Although Plaintiff did not challenge Defendants' motion, this Court "nevertheless has an obligation to review the motion[] to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014). This Court has undertaken such a review and once again will grant Defendants' motion.

### 1. This Court Cannot Exercise Personal Jurisdiction Over the Defendants Under Principles of Collateral Estoppel

This Court already dismissed Plaintiff's action on the basis that neither Defendant was subject to personal jurisdiction in this Court. *See generally* 2023 Order. "Collateral estoppel serves to foreclose the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." *Zeno v. United States*, 451 Fed. Appx. 268, 271 (4th Cir. 2011) (cleaned up) (citing *In re Microsoft Corp. Antitrust Litig.,* 355 F.3d 322, 326 (4th Cir. 2004)). Collateral estoppel applies where "(1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding." *Id.* Here, all five factors foreclose this Court from relitigating the issue of personal jurisdiction.

First, the issue or facts are identical to the ones previously litigated. The two counts contained in the 2024 Complaint are identical to the two counts in the 2023 Complaint: (I) breach of contract and fraudulent misrepresentation; and (II) unjust enrichment. Furthermore, the issue at hand in both Complaints is the same: whether Defendants are subject to this Court's personal jurisdiction as to those claims. As such, the 2024 Complaint presents the same issue. *See Zeno*,

4

451 F. Appx. At 271 (finding that after a 2007 suit was dismissed because "it did not have personal jurisdiction over the individual defendants," when the same Plaintiff filed suit two years later against "the same individual defendants and again filed in the District of Maryland . . . the issues [were] identical").

Plaintiff's additional factual allegations, described above, do not change this analysis because they are materially similar to those which this Court already rejected. *See, e.g., Hegedus v. Nationstar Mortg., LLC*, 2018 WL 1461747, at *3 (W.D. Va. Mar. 23, 2018) (holding that collateral estoppel applies "despite the new factual allegations" when it does not alter the legal issues in a material way). For instance, in Plaintiff's 2023 Complaint, he alleged that he served as the nexus between Defendants and federal agencies "in order [for Defendants] to obtain lucrative contacts." 2023 Compl. at ¶ 10. And this Court found that "the plaintiff cannot be the only link between the defendant[s] and the forum." 2024 Order at 6 (quoting *Walden*, 571 U.S. at 285). Then in Plaintiff's 2024 Complaint, he alleges that Plaintiff "facilitated meetings between said investors and Defendants, including in-person meetings with Lambert and Johnson, investors, and potential customers in locations such as Reston, Chantilly, and McLean, Virginia." 2024 Compl. at ¶ 12. But this allegation, and most of the other "new" allegations, restate the same claim about Plaintiff serving as the "nexus" between Defendants and investors, which this Court rejected as grounds for personal jurisdiction. *See* 2024 Order at 5 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant[s]' conduct connects [them] to the forum in a meaningful way." (quoting *McNeil*, 2017 WL 2625069, at *7). Plaintiff also adds the new allegation that "[b]etween 2016 and 2023, Lambert made numerous trips to Virginia to conduct the investment business of Point Bridge Capital." 2024 Compl. at ¶ 10. But this conclusory allegation is devoid of a factual basis. *See* 2024 Case, ECF 6, Ex. 2 (Declaration of Hal Lambert),

¶ 17 ("I have never traveled to Virginia to conduct the investment business of Point Bridge Capital."). As such, this allegation does not constitute a new material fact. This Court therefore finds that the issue or facts are identical to the ones previously litigated by this Court.

Second, the issue or fact was actually resolved in the prior proceeding. This Court resolved the question of personal jurisdiction in the 2023 Case. *See* 2023 Order at 6 ("For these reasons, this Court lacks personal jurisdiction over the nonresident Defendants.").

Third, this Court's determination that there was no personal jurisdiction was critical and necessary to the judgment in the 2023 Case. *See Zeno* 461 Fed. Appx. at 272 ("A district court may not adjudicate a dispute over which it lacks personal jurisdiction.").

Fourth, this Court's judgment that the Court lacked personal jurisdiction was final and valid. *See Shelton v. Crookshank*, 742 Fed. Appx. 782, 783 n.1 (4th Cir. 2018) (dismissal for lack of personal jurisdiction is final and appealable where the plaintiff cannot correct the jurisdictional defect by amendment). Plaintiff did not file a timely motion under Fed. R. Civ. P. 59 or 60, nor did he appeal the order to the Fourth Circuit.

Fifth and final, Plaintiff had a full and fair opportunity to litigate the issue of personal jurisdiction in the 2023 Case. Defendants raised the question of personal jurisdiction in their motion to dismiss, Plaintiff responded to the jurisdictional arguments in his opposition, and this Court considered and rejected Plaintiff's arguments. *See Zeno*, 461 Fed. Appx. at 272 (finding that where "[t]he court considered and rejected [Plaintiff's] contentions . . . the issues were fully litigated").

For these reasons, the Court will dismiss Plaintiff's Complaint.[2]

---

[2] The Court need not address Defendants' remaining arguments that (1) even without the benefit of collateral estoppel, this action must be dismissed for lack of personal jurisdiction; (2) there is no proper basis for venue in this district; and (3) the complaint fails to state any claim upon which relief can be granted. *See generally* MTD. The Court has reviewed and agrees with Defendants' arguments.

## II.     CONCLUSION

Because Plaintiff is collaterally estopped from relitigating the previously decided issue of personal jurisdiction, the Court will grant Defendants' Motion to Dismiss and dismiss Plaintiff's Complaint.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (ECF 5) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Defendants are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

September 17, 2024
Alexandria, Virginia